⏚ EFILED IN OFFICE
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2022000051**

**MAR 22, 2022 11:29 AM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

## IN THE STATE COURT OF BRYAN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CORY CHARLES ROBERSON and | ) | |
| KARLENA DIANE GRANT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | |
| | ) | JURY TRAIL DEMANDED |
| v. | ) | |
| | ) | |
| SALVATORE MICHAELVOLKES, | ) | |
| SWIFT TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC, and | ) | |
| RED ROCK RISK RETENTION GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW,** CORY ROBERSON & KARLENA GRANT, Plaintiffs in the above-captioned case and file this their Complaint for damages against Defendants, as follows:

### I. PARTIES, JURISDICTION & VENUE

1.    Plaintiff Cory Charles Roberson is a citizen and resident of the State of Georgia.

2.    Plaintiff Karlena Diane Grant is a citizen and resident of the State of Georgia.

3.    Defendant Salvatore Michael Volkes is a citizen and resident of the State of South Carolina. Defendant may be served at his place of residence located at 209 Breckenridge Road, North Augusta, South Carolina, 29841.

4.    Defendant Swift Transportation Co. of Arizona, LLC is a foreign for profit company licensed to conduct business in the State of Georgia. Defendant can be served through its registered agent, Corporate Creations Network, Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30006.

5.    Defendant Red Rock Risk Retention Group is a foreign for profit company with

vehicle.

17. As a result of Defendant Volkes' failure to exercise ordinary care, Plaintiffs suffered injuries and damages.

18. The negligence of Defendant Volkes was the proximate cause of the injuries and damages suffered by Plaintiffs.

19. Defendant Volkes was also negligent per se, violating O.C.G.A. sec. 40-6-72.

20. Defendant Volkes was also negligent per se, violating O.C.G.A. sec. 40-6-73.

**RESPONDEAT SUPERIOR**

21. Plaintiffs incorporate and re-allege paragraphs 6-13 as if fully restated herein.

22. Upon information and belief, at all relevant times Defendant Salvatore Volkes was an employee of Swift Transportation Co. of Arizona, LLC.

23. Upon information and belief, at all relevant times Defendant Salvatore Volkes was acting within the scope of his employment at the time of the collision described above.

24. As such, Defendant Swift Transportation Co. of Arizona, LLC is responsible for the negligent acts and omissions of Defendant Salvatore Volkes.

**DIRECT ACTION AGAINST DEFENDANT RED ROCK RISK RETENTION GROUP**

25. Plaintiffs incorporate and re-allege paragraphs 6-13 as if fully restated herein.

26. Defendant Red Rock Risk Retention Group is a foreign insurance company licensed to conduct and transact business in Georgia.

27. Defendant Red Rock Risk Retention Group was the registered insurance carrier for Defendant Swift Transportation Co. of Arizona, LLC at the time of the motor vehicle wreck.

28.   Defendant Swift Transportation Co. of Arizona, LLC is a motor carrier.

29.   Defendant Red Rock Risk Retention Group is a proper party to this action.

30.   Defendant Red Rock Risk Retention Group breached is contract to provide for the protection of the public.

### ATTORNEYS' FEES AND COSTS

31.   On information and belief, Defendant Volkes falsely told the responding officer that Plaintiff Cory Roberson was at fault.

32.   Plaintiff Cory Roberson was not at fault, and Defendants Volkes and Swift acted in bad faith, were stubbornly litigious, and caused the Plaintiffs unnecessary trouble and expense (giving the officer false information, forcing Plaintiffs to resort to the Courts before producing the dash camera video, and/or not correcting or attempting to correct the false narrative in the police report).

33.   Accordingly, Defendants are liable for attorneys fees and costs pursuant to O.C.G.A. sec. 13-6-11.

### IV. DAMAGES

34.   As a result of Defendant's negligent acts, Plaintiffs have incurred substantial past and future medical expenses and have endured and will continue to endure physical and mental pain and suffering.  Plaintiffs may also have suffered lost wages and other consequential damages as shown by the evidence.

35.   Plaintiff is entitled to recover damages incurred as a result of the incident on January 28, 2021.

**WHEREFORE**, Plaintiff prays for the following relief:

(A)   That summons and process issue and be served upon Defendant;

(B)     For a trial by a jury comprised of twelve persons;

(C)     That Plaintiffs be awarded an appropriate sum to compensate them for their

         injuries and damages;

(D)     That the Defendants be held liable for the damages incurred by the Plaintiffs; and

(E)     Such other and further relief as the Court deems just and proper.

This 22nd day of March, 2022.

_____
Brent J. Savage, Jr. Esq.
Georgia Bar No. 940349

**SAVAGE, TURNER, PINCKNEY & SAVAGE**
102 East Liberty Street, 8th Floor
Savannah, GA  31401
T: (912) 231-1140
F: (912) 232-4212

# STATE COURT OF BRYAN COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2022000051**

**MAR 22, 2022 11:29 AM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

CIVIL ACTION NUMBER  STSV2022000051

Roberson, Cory C.
Grant, Karlena D.

_____

**PLAINTIFF**

**VS.**

Volkes, Salvatore M.
Swift Transportation Co. of Arizona, LLC
Red Rock Risk Retention Group

_____

**DEFENDANTS**

**SUMMONS**

TO: RED ROCK RISK RETENTION GROUP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Brent J Savage**
> **Savage Turner & Pinckney**
> **102 East Liberty Street**
> **Eighth Floor**
> **Savannah, Georgia 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2022.**

Clerk of State Court

*Rebecca G. Crowe*
_____
Rebecca Crowe, Clerk
Bryan County, Georgia

# STATE COURT OF BRYAN COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2022000051**

**MAR 22, 2022 11:29 AM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

CIVIL ACTION NUMBER  STSV2022000051

Roberson, Cory C.
Grant, Karlena D.

------------------------------------------

**PLAINTIFF**

                                  **VS.**

Volkes, Salvatore M.
Swift Transportation Co. of Arizona, LLC
Red Rock Risk Retention Group

------------------------------------------

**DEFENDANTS**

## SUMMONS

TO: SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Brent J Savage**
> **Savage Turner & Pinckney**
> **102 East Liberty Street**
> **Eighth Floor**
> **Savannah, Georgia 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2022.**

                                Clerk of State Court

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

# STATE COURT OF BRYAN COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2022000051**

**MAR 22, 2022 11:29 AM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

CIVIL ACTION NUMBER  <u>STSV2022000051</u>

Roberson, Cory C.
Grant, Karlena D.

---

**PLAINTIFF**

**VS.**

Volkes, Salvatore M.
Swift Transportation Co. of Arizona, LLC
Red Rock Risk Retention Group

---

**DEFENDANTS**

**SUMMONS**

TO: VOLKES, SALVATORE M.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Brent J Savage**
> **Savage Turner & Pinckney**
> **102 East Liberty Street**
> **Eighth Floor**
> **Savannah, Georgia 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2022.**

Clerk of State Court

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

Page 1 of 1

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2022000051**

**MAR 22, 2022 11:29 AM**

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

**IN THE STATE COURT OF BRYAN COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CORY ROBERSON and KARLENA GRANT, | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION NO.** |
| v. | ) ) | |
| SALVATORE VOLKES, SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC, and RED ROCK RISK RETENTION GROUP. | ) ) ) ) ) | |
| Defendants. | ) | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COME NOW Plaintiffs and file this Certificate in compliance with Uniform State Court Rule 5.2 that *PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS* were served upon each Defendant with the Summons and Complaint.

This 22nd day of March, 2022.

/s/ Brent J. Savage, Jr.
Brent J. Savage, Jr.
Georgia Bar No. 940349

SAVAGE, TURNER, PINCKNEY & SAVAGE
102 East Liberty Street, 8th Floor
Savannah, GA  31401
T: (912) 231-1140
F: (912) 232-4212

✦ EFILED IN OFFICE
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2022000051**
BT
**MAR 23, 2022 02:11 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

## IN THE STATE COURT OF BRYAN COUNTY
## STATE OF GEORGIA

CORY CHARLES ROBERSON and ) 
KARLENA DIANE GRANT, ) 
                         )    CIVIL ACTION NO. STSV2022000051 
     Plaintiffs, ) 
                         )    JURY TRAIL DEMANDED 
v. ) 
                         ) 
SALVATORE MICHAELVOLKES, ) 
SWIFT TRANSPORTATION CO. OF ) 
ARIZONA, LLC, and ) 
RED ROCK RISK RETENTION GROUP, ) 
                         ) 
     Defendants. ) 

---

### AMENDED COMPLAINT

**COMES NOW,** CORY ROBERSON & KARLENA GRANT, Plaintiffs in the above-

captioned case and file this their Amended Complaint for damages against Defendants, as

follows:

### I. PARTIES, JURISDICTION & VENUE

1.     Plaintiff Cory Charles Roberson is a citizen and resident of the State of Georgia.

2.     Plaintiff Karlena Diane Grant is a citizen and resident of the State of Georgia.

3.     Defendant Salvatore Michael Volkes is a citizen and resident of the State of South

        Carolina. Defendant may be served at his place of residence located at 209

        Breckenridge Road, North Augusta, South Carolina, 29841.

4.     Defendant Swift Transportation Co. of Arizona, LLC is a foreign for profit

        company licensed to conduct business in the State of Georgia. Defendant can be

        served through its registered agent, Corporate Creations Network, Inc., located at

        2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30006.

5.   Defendant Red Rock Risk Retention Group is a foreign for profit company with its principal office address at 2555 E Camelback Rd Ste 700, Phoenix, Az 85016. Defendant can be served through its registered agent National Registered Agents, 3800 N. Central Avenue, Suite 460, Phoenix, Maricopa County, Arizona 85012.

## II. FACTUAL ALLEGATIONS

6.   On January 28, 2021, Plaintiffs were traveling in their motor vehicle through Bryan County, Georgia.

7.   Plaintiffs were headed eastbound on SR 144 near a Love's Truck Stop convenience store in Bryan County, Georgia.

8.   Plaintiff Cory Roberson was driving the vehicle.

9.   Plaintiff Karlena Grant was traveling as a passenger in the motor vehicle driven by Plaintiff Roberson.

10.   As Plaintiff Roberson was traveling in his lane, Defendant Salvatore Volkes pulled into Plaintiffs' lane of travel and struck their vehicle on the passenger side.

12.   As a result of, Plaintiffs suffered substantial injuries and damages.

13.   Plaintiffs' actions and conduct were reasonable, and they are not at fault for the incident at issue.

## III. CAUSE OF ACTION

### NEGLIGENCE/ NEGLIGENCE PER SE

14.   Plaintiffs incorporate and re-allege paragraphs 6-13 as if fully restated herein.

15.   Defendant Salvatore Volkes had a duty to exercise ordinary care while operating a motor vehicle in the State of Georgia.

16.   Defendant Salvatore Volkes breached his duty to exercise ordinary care by failing

to safely operate his motor vehicle – pulling into Plaintiffs' lane and striking their vehicle.

17. As a result of Defendant Volkes' failure to exercise ordinary care, Plaintiffs suffered injuries and damages.

18. The negligence of Defendant Volkes was the proximate cause of the injuries and damages suffered by Plaintiffs.

19. Defendant Volkes was also negligent per se, violating O.C.G.A. sec. 40-6-72.

20. Defendant Volkes was also negligent per se, violating O.C.G.A. sec. 40-6-73.

**RESPONDEAT SUPERIOR**

21. Plaintiffs incorporate and re-allege paragraphs 6-13 as if fully restated herein.

22. Upon information and belief, at all relevant times Defendant Salvatore Volkes was an employee of Swift Transportation Co. of Arizona, LLC.

23. Upon information and belief, at all relevant times Defendant Salvatore Volkes was acting within the scope of his employment at the time of the collision described above.

24. As such, Defendant Swift Transportation Co. of Arizona, LLC is responsible for the negligent acts and omissions of Defendant Salvatore Volkes.

**DIRECT ACTION AGAINST DEFENDANT RED ROCK RISK RETENTION GROUP**

25. Plaintiffs incorporate and re-allege paragraphs 6-13 as if fully restated herein.

26. Defendant Red Rock Risk Retention Group is a foreign insurance company licensed to conduct and transact business in Georgia.

27. Defendant Red Rock Risk Retention Group was the registered insurance carrier for Defendant Swift Transportation Co. of Arizona, LLC at the time of the motor

vehicle wreck.

28.     Defendant Swift Transportation Co. of Arizona, LLC is a motor carrier.

29.     Defendant Red Rock Risk Retention Group is a proper party to this action.

30.     Defendant Red Rock Risk Retention Group breached is contract to provide for the

protection of the public.

### ATTORNEYS' FEES AND COSTS

31.     On information and belief, Defendant Volkes falsely told the responding officer

that Plaintiff Cory Roberson was at fault.

32.     Plaintiff Cory Roberson was not at fault, and Defendants Volkes and Swift acted

in bad faith, were stubbornly litigious, and caused the Plaintiffs unnecessary

trouble and expense (giving the officer false information, forcing Plaintiffs to

resort to the Courts before producing the dash camera video, and/or not correcting

or attempting to correct the false narrative in the police report).

33.     Accordingly, Defendants are liable for attorneys fees and costs pursuant to

O.C.G.A. sec. 13-6-11.

### IV. DAMAGES

34.     As a result of Defendant's negligent acts, Plaintiffs have incurred substantial past

and future medical expenses and have endured and will continue to endure

physical and mental pain and suffering.  Plaintiffs may also have suffered lost

wages and other consequential damages as shown by the evidence.

35.     Plaintiff is entitled to recover damages incurred as a result of the incident on

January 28, 2021.

**WHEREFORE**, Plaintiff prays for the following relief:

(B)     For a trial by a jury comprised of twelve persons;

(C)     That Plaintiffs be awarded an appropriate sum to compensate them for their

        injuries and damages;

(D)     That the Defendants be held liable for the damages incurred by the Plaintiffs; and

(E)     Such other and further relief as the Court deems just and proper.


This 23rd day of March, 2022.


                                                Brent J. Savage, Jr. Esq.
                                                Georgia Bar No. 940349

**SAVAGE, TURNER, PINCKNEY & SAVAGE**
102 East Liberty Street, 8th Floor
Savannah, GA  31401
T: (912) 231-1140
F: (912) 232-4212

# NATIONAL REGISTERED AGENTS, INC
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Araceli Deleon
Swift Transportation Services, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

SOP Transmittal #  541316113

Entity Served:  RED ROCK RISK RETENTION GROUP, INC  (Domestic State: ARIZONA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of ARIZONA on this 30 day of March, 2022. The following is a summary of the document(s) received:

1. **Title of Action:**  Cory Roberson and Karlena Grant vs. SALVATORE MICHAEL VOLKES

2. **Document(s) Served:**  Other: --

3. **Court of Jurisdiction/Case Number:** None Specified
Case # STSV2022000051

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

    _X_ Personally served by:          _X_ Process Server          ___ Law Enforcement          ___ Deputy Sheriff          ___ U. S Marshall

    ___ Delivered Via:          ___ Certified Mail          ___ Regular Mail          ___ Facsimile

    ___ Other (Explain):

6. **Date and Time of Receipt:**  03/30/2022 09:15:00 AM CST

7. **Appearance/Answer Date:**  None Specified

8. **Received From:**     None Specified          9. **Carrier Airbill #** 1ZY041160195810764

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  Anne Rowell  anne_rowell@swifttrans.com

Email Notification,  Araceli Deleon  Araceli_Deleon@swifttrans.com

**Registered Agent: NATIONAL REGISTERED AGENTS, INC          CopiesTo:**

888-579-0286 - Telephone
602-248-4441 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by   Issis Gonzalez
ORIGINAL



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Mar 30, 2022
**Server Name:**             Deputy Tompkins #1061

| Entity Served | RED ROCK RISK RETENTION GROUP, INC |
|---|---|
| Case Number | stsv2022000051 |
| Jurisdiction | AZ |

| Inserts | | |
|---|---|---|
| | | |



# STATE COURT OF BRYAN COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA

**STSV2022000051**

MAR 22, 2022 11:29 AM

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

CIVIL ACTION NUMBER   STSV2022000051

Roberson, Cory C.
Grant, Karlena D.

**PLAINTIFF**

**VS.**

Volkes, Salvatore M.
Swift Transportation Co. of Arizona, LLC
Red Rock Risk Retention Group

**DEFENDANTS**

## SUMMONS

TO: RED ROCK RISK RETENTION GROUP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Brent J Savage**
> **Savage Turner & Pinckney**
> **102 East Liberty Street**
> **Eighth Floor**
> **Savannah, Georgia 31401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of March, 2022.**

Clerk of State Court

*Rebecca G. Crowe*

Rebecca Crowe, Clerk
Bryan County, Georgia

# MARICOPA COUNTY SHERIFF'S OFFICE
Civil Process Section
111 South 3rd Avenue, 2nd Floor
Phoenix, Arizona 85003-2292

**EFILED IN OFFICE**
CLERK OF STATE COURT
BRYAN COUNTY, GEORGIA
**STSV2022000051**
**BT**
**APR 27, 2022 02:19 PM**

*Rebecca G. Crowe*
Rebecca Crowe, Clerk
Bryan County, Georgia

Cory C. Roberson and Karlena D. Grant
vs.
Salvatore M. Volkes, Swift Transportation Co. Of
Arizona, LLC, Red Rock Retention Group

| | | |
|---|---|---|
| STATE OF ARIZONA | ) | STSV2022000051 |
| | ) ss. | |
| County of Maricopa | ) | 22002769 |

**J. Tompkins # S1061** being first duly sworn on oath deposes and says that (s)he is a citizen of the United States over the age of 21 years: that (s)he has no interest whatsoever in the within entitled matter, that (s)he is a regularly appointed Deputy Sheriff of Maricopa county, Arizona, and as such has the power to serve civil processes within said county; that (s)he served the within documents on the **30th** day of **March, 2022,** on the within named defendant **Red Rock Retention,** by delivering to **Christine Napier, staff,** who is authorized to accept service, at **c/o CT Corporation Systems, 3800 N Central Avenue, Suite 460, Phoenix, AZ 85012** at **9:03 AM,** in the County of Maricopa, a copy of said **Summons, Certificate Of Service Of Discovery, Complaint, Amended Complaint, Plaintiff's First Interrogatories To Defendant Red Rock Risk Retention Group, Plaintiff's First Request For Production Of Documents To Defendant Red Rock Risk Retention Group.**

| Service | $16.00 |
|---|---|
| Notary | $8.00 |
| Mileage | $16.00 |
| Total | $40.00 |

PAUL PENZONE
Maricopa County Sheriff

By _____
Deputy J. Tompkins #S1061

Subscribed and sworn to before me this **20** Day of **April 2022**

_____
Notary Public in and for the County of Maricopa - State of Arizona

JO ANN R. LEYVA
Notary Public - State of Arizona
MARICOPA COUNTY
Commission # 574931
Expires December 19, 2023

B4307

IN THE STATE COURT OF BRYAN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CORY CHARLES ROBERSON and<br>KARLENA DIANE GRANT, | ) | |
| | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiffs, | ) | NO. STSV2022000051 |
| | ) | |
| v. | ) | |
| | ) | |
| SALVATORE MICHAEL VOLKES;<br>SWIFT TRANSPORTATION CO. OF<br>ARIZONA, LLC; and RED ROCK<br>RISK RETENTION GROUP, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RED ROCK RISK RETENTION GROUP'S
ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW defendant Red Rock Risk Retention Group ("Red Rock"), by way of special appearance, without waiving and specifically reserving all defenses as to jurisdiction and venue, and answers plaintiffs' complaint as follows:

FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiffs' complaint, Red Rock answers as follows:

## I.  PARTIES, JURISDICTION & VENUE

### 1.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 2.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 3.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 4.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

### 5.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint because it is incomplete.

### 17. (*sic*)

Red Rock denies the allegations in this paragraph of the complaint.

18.

Red Rock denies the allegations in this paragraph of the complaint.

19.

Red Rock denies the allegations in this paragraph of the complaint.

20.

Red Rock denies the allegations in this paragraph of the complaint.

## RESPONDEAT SUPERIOR

21.

Red Rock incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

22.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

23.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

24.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## DIRECT ACTION AGAINST DEFENDANT
## RED ROCK RISK RETENTION GROUP

25.

Red Rock incorporates its responses to the preceding paragraphs of the complaint as if set forth fully herein.

26.

Red Rock denies the allegations in this paragraph of the complaint.

27.

Red Rock denies the allegations in this paragraph of the complaint.

28.

Red Rock admits the allegations in this paragraph of the complaint.

29.

Red Rock denies the allegations in this paragraph of the complaint.

30.

Red Rock denies the allegations in this paragraph of the complaint.

## ATTORNEYS' FEES AND COSTS

31.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

32.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

33.

Red Rock denies the allegations in this paragraph of the complaint.

## IV. DAMAGES

34.

Red Rock denies the allegations in this paragraph of the complaint.

35.

Red Rock denies the allegations in this paragraph of the complaint.

36.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiffs' prayer for relief, including subparagraphs (A) through (E), Red Rock denies plaintiffs are entitled to any relief from Red Rock under any theory, at law or in equity.

37.

Except as expressly admitted or otherwise responded to, Red Rock denies all allegations in the complaint.

### THIRD DEFENSE

This Court lacks jurisdiction over Red Rock.

### FOURTH DEFENSE

Venue in this Court is improper as to Red Rock; therefore, this Court lacks jurisdiction over Red Rock.

### FIFTH DEFENSE

Red Rock is an improper party to this action.

### SIXTH DEFENSE

Red Rock did not breach any duty owed to plaintiff.

### SEVENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against defendants.

### EIGHTH DEFENSE

Any injuries or damages sustained by plaintiffs were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiffs, and no alleged act by defendants caused or contributed to the incident described in the complaint.

## NINTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Red Rock asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to avoid consequences, failure of plaintiffs to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## TENTH DEFENSE

Red Rock reserves the right to plead such other defenses as may become known to it during the course of investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Red Rock prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiffs on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiffs; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Red Rock Transportation Co. Of Arizona, LLC's Answer and Defenses to Plaintiffs' Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

>    Brent J. Savage, Esq.
>    Savage, Turner, Pinckney & Savage
>    102 East Liberty Street, 8th Floor
>    Savannah, GA 31401

This 29th day of April, 2022.

>    /s/ Sheetal M. Brahmbhatt
>    Sheetal M. Brahmbhatt
>    Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF BRYAN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CORY CHARLES ROBERSON and<br>KARLENA DIANE GRANT, | ) | |
| | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiffs, | ) | NO. STSV2022000051 |
| | ) | |
| v. | ) | |
| | ) | |
| SALVATORE MICHAEL VOLKES; | ) | |
| SWIFT TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC; and RED ROCK | ) | |
| RISK RETENTION GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

**RED ROCK RISK RETENTION GROUP'S
ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW Red Rock Risk Retention Group ("Red Rock") , by way of special appearance, without waiving and specifically reserving all defenses as to jurisdiction and venue, and answers plaintiffs' amended complaint as follows:

FIRST DEFENSE

Plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiffs' amended complaint, Red Rock answers as follows:

# I.  PARTIES, JURISDICTION & VENUE

## 1.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## 2.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## 3.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## 4.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## 5.

Responding to the allegations in this paragraph of the complaint, Red Rock admits its principal place of business is located at the stated address and it may be served according to law.  Except as expressly admitted, Red Rock denies the allegations in this paragraph of the amended complaint.

## II.  FACTUAL ALLEGATIONS

6.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

7.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

8.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

9.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

10.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

12. (*sic*)

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

13.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

### III.  CAUSE OF ACTION
### NEGLIGENCE/NEGLIGENCE PER SE

14.

Red Rock incorporates its responses to the preceding paragraphs of the amended complaint as if set forth fully herein.

15.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

16.

Red Rock denies the allegations in this paragraph of the amended complaint.

17.

Red Rock denies the allegations in this paragraph of the amended complaint.

18.

Red Rock denies the allegations in this paragraph of the amended complaint.

19.

Red Rock denies the allegations in this paragraph of the amended complaint.

20.

Red Rock denies the allegations in this paragraph of the amended complaint.

## RESPONDEAT SUPERIOR

21.

Red Rock incorporates its responses to the preceding paragraphs of the amended complaint as if set forth fully herein.

22.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

23.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

24.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

## DIRECT ACTION AGAINST DEFENDANT
## RED ROCK RISK RETENTION GROUP

25.

Red Rock incorporates its responses to the preceding paragraphs of the amended complaint as if set forth fully herein.

26.

Red Rock denies the allegations in this paragraph of the amended complaint.

27.

Red Rock denies the allegations in this paragraph of the amended complaint.

28.

Red Rock admits the allegations in this paragraph of the amended complaint.

29.

Red Rock denies the allegations in this paragraph of the amended complaint.

30.

Red Rock denies the allegations in this paragraph of the amended complaint.

## ATTORNEYS' FEES AND COSTS

31.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

32.

Red Rock is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the amended complaint.

33.

Red Rock denies the allegations in this paragraph of the amended complaint.

## IV.  DAMAGES

34.

Red Rock denies the allegations in this paragraph of the amended complaint.

35.

Red Rock denies the allegations in this paragraph of the amended complaint.

36.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiffs' prayer for relief, including subparagraphs (A) through (E), Red Rock denies plaintiffs are entitled to any relief from Red Rock under any theory, at law or in equity.

37.

Except as expressly admitted or otherwise responded to, Red Rock denies all allegations in the amended complaint.

### THIRD DEFENSE

This Court lacks jurisdiction over Red Rock.

### FOURTH DEFENSE

Venue in this Court is improper as to Red Rock; therefore, this Court lacks jurisdiction over Red Rock.

## FIFTH DEFENSE

Red Rock is an improper party to this action.

## SIXTH DEFENSE

Red Rock did not breach any duty owed to plaintiff.

## SEVENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiffs; therefore, plaintiffs have no right of recovery against defendants.

## EIGHTH DEFENSE

Any injuries or damages sustained by plaintiffs were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiffs, and no alleged act by defendants caused or contributed to the incident described in the amended complaint.

## NINTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, Red Rock asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to avoid consequences, failure of plaintiffs to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,

illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

TENTH DEFENSE

Red Rock reserves the right to plead such other defenses as may become known to it during the course of investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Red Rock prays as follows:

(a)     That judgment be entered in favor of defendants and against plaintiffs on the amended complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiffs; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE, Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Red Rock Transportation Co. Of Arizona, LLC's Answer and Defenses to Plaintiffs' Amended Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

> Brent J. Savage, Esq.
> Savage, Turner, Pinckney & Savage
> 102 East Liberty Street, 8th Floor
> Savannah, GA 31401

This 29th day of April, 2022.


> */s/ Sheetal M. Brahmbhatt*
> Sheetal M. Brahmbhatt
> Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

IN THE STATE COURT OF BRYAN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CORY CHARLES ROBERSON and<br>KARLENA DIANE GRANT,<br><br>     Plaintiffs,<br><br>v.<br><br>SALVATORE MICHAEL VOLKES;<br>SWIFT TRANSPORTATION CO. OF<br>ARIZONA, LLC; and RED ROCK<br>RISK RETENTION GROUP,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. STSV2022000051 |

## <u>DEMAND FOR JURY OF TWELVE</u>

COME NOW defendants and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand that this action be tried by a jury of twelve.  In support of this demand, defendants reasonably believe plaintiffs' claim for damages are greater than $25,000 and state this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the PeachCourt eFile system which will automatically send e-mail notification of such filing to counsel of record and others who are PeachCourt eFile participants.  Counsel of record is as follows:

> Brent J. Savage, Esq.
> Savage, Turner, Pinckney & Savage
> 102 East Liberty Street, 8th Floor
> Savannah, GA 31401

This 29th day of April, 2022.

/s/ Sheetal M. Brahmbhatt
Sheetal M. Brahmbhatt
Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)